**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEMOCRACY FORWARD FOUNDATION
1333 H St. NW
Washington, DC  20005,

      *Plaintiff*,

      *v.*

U.S. DEPARTMENT OF HEALTH AND
    HUMAN SERVICES
200 Independence Ave. SW
Washington, DC  20201,

      *and*

U.S. CENTERS FOR MEDICARE &
    MEDICAID SERVICES
7500 Security Blvd.
Baltimore, MD  21244,

      *Defendants.*

Case No. 18-cv-277

## <u>COMPLAINT</u>

1.      Plaintiff Democracy Forward Foundation brings this action against Defendants the United States Department of Health and Human Services ("HHS") and the United States Centers for Medicare & Medicaid Services ("CMS"), within HHS, to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA").  Defendants have failed to sufficiently respond to Plaintiff's FOIA requests seeking records related to Defendants' decisionmaking concerning various aspects of the 2018 open enrollment period for Affordable Care Act marketplaces.  Plaintiff therefore respectfully requests that the Court compel Defendants to comply with the FOIA.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e)(1).

## PARTIES

4.      Plaintiff Democracy Forward Foundation is a not-for-profit organization

incorporated under the laws of the District of Columbia and based in Washington, D.C.  Plaintiff

works to promote transparency and accountability in government, in part by educating the public

on government actions and policies.

5.      Defendant HHS is a federal agency within the meaning of the FOIA, *see* 5 U.S.C.

§ 552(f)(1), that is headquartered in Washington, D.C.  HHS has possession, custody, and control

of records to which Plaintiff seeks access.

6.      Defendant CMS is a federal agency within the meaning of the FOIA, *see* 5 U.S.C.

§ 552(f)(1), that is headquartered in Baltimore, Maryland.  CMS has possession, custody, and

control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

### Healthcare.gov Downtime Requests

7.      On or around October 3, 2017, Plaintiff sent nearly identical FOIA requests to

HHS and CMS concerning scheduled downtime for healthcare.gov.  *See* Ex. A (Oct. 3, 2017

FOIA request to HHS); Ex. B (Oct. 3, 2017 FOIA request to CMS).  As Plaintiff explained,

> Recently, [HHS] told community groups that the federal health insurance
> exchange, www.healthcare.gov, will be subject to "[p]lanned" "[d]owntime"
> during the upcoming Open Enrollment period for an "[o]vernight outage on
> Wednesday, November 1, 2017"; and on "Sundays [from] 12am-12pm ET, except
> on December 10, 2017."  As explanation for the outages, a [CMS] official said,

"System downtime is planned for the lowest-traffic time periods on healthcare.gov including Sunday evenings and overnight."

*E.g.*, Ex. A at 1.

8.      In an effort to better understand, and explain to the public, HHS's and CMS's decision to establish these time windows for healthcare.gov downtime, Plaintiff requested the following categories of records from HHS and CMS:

1. All records related to the planned maintenance and system downtime for www.healthcare.gov during the [then] upcoming Open Enrollment period.

2. All correspondence between and/or among HHS, CMS (including the Center for Consumer Information and Insurance Oversight, or "CCIIO"), and the White House related to the planned maintenance and downtime.

3. All records of data, including but not limited to traffic data from current and previous enrollment periods, on which HHS relied to schedule the planned maintenance and downtime.

4. All records related to the decision to inform community groups of the maintenance and downtime schedule.

*E.g.*, Ex. A at 1-2.  Plaintiff specified that the time period for these requests runs from February 10, 2017, through the present.  *E.g.*, *id.* at 2.

9.      As to both requests, Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires a fee waiver if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

10.      On October 12, 2017, Plaintiff received an acknowledgment from HHS, designating Plaintiff's request as 2018-00025-FOIA-OS.

11.      On November 2, 2017, CMS contacted Plaintiff with questions concerning Plaintiff's request, which CMS designated as Control Number 101320177008.  On November 6, 2017, Plaintiff spoke with two individuals in CMS's FOIA office about Plaintiff's request.  As

3

memorialized and confirmed in subsequent emails, Plaintiff agreed to narrow its request to a date

range of July 1, 2017, through the present, and to certain custodians, and answered all of CMS's

questions regarding Plaintiff's request. *See* Ex. C (email correspondence with CMS FOIA

officers). CMS confirmed that its search for responsive records was underway. *See id.*

Open Enrollment Date Range Requests

12.     On or around November 27, 2017, Plaintiff sent nearly identical FOIA requests to

HHS and CMS concerning the dates established for the 2018 open enrollment period. *See* Ex. D

(Nov. 27, 2017 FOIA request to HHS); Ex. E (Nov. 27, 2017 FOIA request to CMS). As

Plaintiff explained,

> In April 2017, the Department of Health and Human Services . . . "change[d] the
> open enrollment period for benefit year 2018" for Exchanges under the
> Affordable Care Act—*i.e.*, the "period in which qualified individuals and
> enrollees may apply for or change coverage in a [qualified health plan]" with a
> plan year beginning January 1, 2018—"so that the [open enrollment period]
> begins on November 1, 2017 and runs through December 15, 2017." 82 Fed.
> Reg. 18,346, 18,354 (April 18, 2017); see 45 C.F.R. § 155.410(e)(3).

*E.g.*, Ex. D at 1.

13.     In an effort to better understand, and explain to the public, HHS's and CMS's

rationale for establishing these dates for open enrollment, Plaintiff requested the following

categories of records from HHS and CMS:

> 1. All correspondence and communications, including attachments, received or
> sent by HHS[/CMS] officials involving the decision to set the open enrollment
> period for benefit year 2018 to begin on November 1, 2017, and end on December
> 15, 2017. Search terms should include "adverse selection," "healthier
> individuals," "December 15," "Dec. 15," "12-15," and "12/15."
>
> 2. All records memorializing any meetings involving the decision to set the open
> enrollment period for benefit year 2018 to begin on November 1, 2017, and end
> on December 15, 2017. Records include calendars with schedules, phone logs,
> meeting invitations, and similar records.
>
> 3. All records not previously mentioned, including analytical documents or
> memoranda, containing written analysis by HHS[/CMS] employees on the

4

potential positive and negative outcomes resulting from a newly shortened
enrollment period for benefit year 2018.

4. All correspondence and communications, including attachments, discussing
public comments in response to Federal Register notices proposing that benefit
year 2018 begin on November 1, 2017, and end on December 15, 2017.

5. All correspondence and communications, including attachments, regarding
plans to conduct outreach to alert consumers to the newly shortened enrollment
period for benefit year 2018.

*E.g.*, Ex. D at 1-2.  Plaintiff specified that the time period for these requests runs from January

20, 2017, through May 1, 2017.  *E.g.*, *id.* at 2.

14.     As to both requests, Plaintiff sought a waiver of search and duplicating fees under

5 U.S.C. § 552(a)(4)(A)(iii), which requires a fee waiver if the disclosure is "in the public

interest because it is likely to contribute significantly to public understanding of the operations or

activities of the government and is not primarily in the commercial interest of the requester."

15.     On December 8, 2017, Plaintiff received an acknowledgment from HHS,

designating Plaintiff's request as 2018-00302-FOIA-OS.

16.     On December 12, 2017, Plaintiff received an acknowledgment from CMS,

designating Plaintiff's request as Control Number 112820177069.

## CLAIMS FOR RELIEF

### Count One (Violation of the FOIA, 5 U.S.C. § 552, by HHS, Oct. 3, 2017 Request)

17.     Plaintiff repeats and incorporates by reference each of the foregoing allegations as

if fully set forth herein.

18.     As of the date of this Complaint, Defendant HHS has failed to produce all records

requested by Plaintiff in its October 3, 2017 FOIA request to HHS or demonstrate that such

records are lawfully exempt from production.  *See* 5 U.S.C. § 552(a)(6)(C).  Nor has HHS

notified Plaintiff of the scope of any responsive records it intends to produce or withhold and the

reasons for any withholdings, or informed Plaintiff that it may appeal any adequately specific, adverse determination.

19.      Because HHS has "fail[ed] to comply with the applicable time limit provisions" of the FOIA, even with the benefit of any extensions of time that HHS might have claimed, Plaintiff is "deemed to have exhausted [its] administrative remedies."  *See id.* § 552(a)(6)(C)(i).

20.      By failing to respond to Plaintiff's October 3, 2017 request to HHS within the statutorily prescribed time limit, HHS has violated its duties under the FOIA, including but not limited to its duties to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

21.      Plaintiff is being irreparably harmed by HHS's violation of the FOIA with respect to Plaintiff's October 3, 2017 request to HHS, and Plaintiff will continue to be irreparably harmed unless HHS is compelled to comply with the FOIA.

**Count Two (Violation of the FOIA, 5 U.S.C. § 552, by CMS, Oct. 3, 2017 Request)**

22.      Plaintiff repeats and incorporates by reference each of the foregoing allegations as if fully set forth herein.

23.      As of the date of this Complaint, Defendant CMS has failed to produce all records requested by Plaintiff in its October 3, 2017 FOIA request to CMS or demonstrate that such records are lawfully exempt from production.  *See* 5 U.S.C. § 552(a)(6)(C).  Nor has CMS notified Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings, or informed Plaintiff that it may appeal any adequately specific, adverse determination.

24.      Because CMS has "fail[ed] to comply with the applicable time limit provisions" of the FOIA, even with the benefit of any extensions of time that CMS might have claimed, Plaintiff is "deemed to have exhausted [its] administrative remedies."  *See id.* § 552(a)(6)(C)(i).

25.     By failing to respond to Plaintiff's October 3, 2017 request to CMS within the statutorily prescribed time limit, CMS has violated its duties under the FOIA, including but not limited to its duties to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

26.     Plaintiff is being irreparably harmed by CMS's violation of the FOIA with respect to Plaintiff's October 3, 2017 request to CMS, and Plaintiff will continue to be irreparably harmed unless CMS is compelled to comply with the FOIA.

**Count Three (Violation of the FOIA, 5 U.S.C. § 552, by HHS, Nov. 27, 2017 Request)**

27.     Plaintiff repeats and incorporates by reference each of the foregoing allegations as if fully set forth herein.

28.     As of the date of this Complaint, Defendant HHS has failed to produce all records requested by Plaintiff in its November 27, 2017 FOIA request to HHS or demonstrate that such records are lawfully exempt from production.  *See* 5 U.S.C. § 552(a)(6)(C).  Nor has HHS notified Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings, or informed Plaintiff that it may appeal any adequately specific, adverse determination.

29.     Because HHS has "fail[ed] to comply with the applicable time limit provisions" of the FOIA, even with the benefit of any extensions of time that HHS might have claimed, Plaintiff is "deemed to have exhausted [its] administrative remedies."  *See id.* § 552(a)(6)(C)(i).

30.     By failing to respond to Plaintiff's November 27, 2017 request to HHS within the statutorily prescribed time limit, HHS has violated its duties under the FOIA, including but not limited to its duties to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

31.     Plaintiff is being irreparably harmed by HHS's violation of the FOIA with respect to Plaintiff's November 27, 2017 request to HHS, and Plaintiff will continue to be irreparably harmed unless HHS is compelled to comply with the FOIA.

**Count Four (Violation of the FOIA, 5 U.S.C. § 552, by CMS, Nov. 27, 2017 Request)**

32.     Plaintiff repeats and incorporates by reference each of the foregoing allegations as if fully set forth herein.

33.     As of the date of this Complaint, Defendant CMS has failed to produce all records requested by Plaintiff in its Nov. 27, 2017 FOIA request to CMS or demonstrate that such records are lawfully exempt from production.  *See* 5 U.S.C. § 552(a)(6)(C).  Nor has CMS notified Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings, or informed Plaintiff that it may appeal any adequately specific, adverse determination.

34.     Because CMS has "fail[ed] to comply with the applicable time limit provisions" of the FOIA, even with the benefit of any extensions of time that CMS might have claimed, Plaintiff is "deemed to have exhausted [its] administrative remedies."  *See id.* § 552(a)(6)(C)(i).

35.     By failing to respond to Plaintiff's November 27, 2017 request to CMS within the statutorily prescribed time limit, CMS has violated its duties under the FOIA, including but not limited to its duties to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

36.     Plaintiff is being irreparably harmed by CMS's violation of the FOIA with respect to Plaintiff's November 27, 2017 request to CMS, and Plaintiff will continue to be irreparably harmed unless CMS is compelled to comply with the FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

8

1.      order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests;

2.      order Defendants to produce, by a date certain, any and all nonexempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

3.      enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

4.      order Defendants to grant Plaintiff's request for fee waivers;

5.      grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.      grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 7, 2018                    Respectfully submitted,

                                           */s/ Javier M. Guzman*
                                           Javier M. Guzman (D.C. Bar No. 462679)
                                           Adam Grogg (N.Y. Bar)*
                                           Democracy Forward Foundation
                                           1333 H St. NW
                                           Washington, DC  20005
                                           (202) 448-9090
                                           jguzman@democracyforward.org
                                           agrogg@democracyforward.org

                                           *Admitted in New York; practicing under
                                           the supervision of members of the D.C. Bar
                                           while D.C. Bar application is pending.

                                           *Counsel for Plaintiff*